UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

FILED
2011 NOV 22 AM 10: 14
US BANKRUPTCY COURT
EASTERN DISTRICT OF WI

In Re:                                          Chapter 7

JOHN M. WILSON and
CHRISTINE A. WILSON,                            Case No. 11-21802-jes

    Debtors.

## DECISION

    Bruce A. Lanser, trustee in the above-entitled chapter 7 bankruptcy case, and Mohns, Inc., a major creditor in this case, have objected to the debtors' claim of exemption to a life insurance policy owned by the debtor John M. Wilson (hereafter "John"). The policy in question is Reassure America Life Insurance Company policy #SAL0063698 (hereafter "policy"), a whole life insurance policy which provides a death benefit of $100,000 on the life of John's former spouse, Patricia Wilson (hereafter "Patricia"). In addition to being the owner of this policy, John is also the primary beneficiary and Christine Berger, the daughter of John and Patricia, is the contingent beneficiary. As of February 5, 2011, the cash value of this policy was $25,400. John, and his current spouse, Christine, filed this bankruptcy petition on February 15, 2011.

    The authority for debtors' claimed exemption is Wis. Stats. § 815.18(3)(f)(2), which states in relevant part:

> (3) EXEMPT PROPERTY. The debtor's interest in or right to receive the following property is exempt, except as specifically provided in this section . . .:
>
> - - -
>
> (f) *Life insurance and annuities.*
>
> - - -
>
> 2. . . . any unmatured life insurance or annuity contract owned by the debtor and insuring the debtor, the debtor's dependent, or an individual of whom the debtor is a dependent, other than a credit life insurance contract, and the debtor's aggregate interest, not to exceed $150,000 in value, in any accrued dividends, interest, or loan value of all unmatured life insurance or annuity contracts owned by the debtor and insuring the debtor, the debtor's dependent, or an individual of whom the debtor is a dependent.

In addition, certain portions of Wis. Stats. § 815.18 have a bearing on the objections of the trustee and Mohns, Inc. The pertinent parts of Wis. Stats. § 815.18 are as follows:

> (1) STATUTORY CONSTRUCTION. This section shall be construed to secured its full benefit to debtors and to advance the humane purpose of preserving to debtors and their dependents the means of obtaining a livelihood, the enjoyment of property necessary to sustain life and the opportunity to avoid becoming public charges.
>
> (2) DEFINITIONS. In this section:
>
> - - -
>
> (d) "Dependent" means any individual, including a spouse, who requires and is actually receiving substantial support and maintenance from the debtor.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

An evidentiary hearing was held on November 2, 2011, at which time testimony was presented by John and Patricia and exhibits were received into evidence.

## IS PATRICIA A DEPENDENT WITHIN THE MEANING OF § 815.18(2)(d)?

It is undisputed that John is the owner of the policy and that Patricia is the insured. It is also undisputed that John is not a dependent of Patricia. The key issue here is whether or not Patricia is a dependent of John. If she does not qualify as John's dependent, the claimed exemption does not apply.

Patricia must actually be receiving substantial support and maintenance from John in order to qualify as a dependent within the meaning of Wis. Stats. § 815.18(2)(d).

Patricia is 60 years old and has not worked since December of 1999. She receives $1,000 per month maintenance as provided in the martial settlement agreement resulting from the divorce of John and Patricia in January of 2003. Patricia also received $735,000 under the martial settlement agreement as her property share. Approximately $706,500 of this amount constitutes liquid assets. Patricia testified that she currently has approximately $92,600 remaining from her property share. Her adjusted gross income over the years has varied. It is comprised of interest, maintenance, IRA distributions, and Social Security. Her annual adjusted gross income has ranged from a high of approximately $123,000 in 2008 to a low of approximately $86,000 in 2006. In 2010, Patricia's annual gross income was approximately $88,000. $12,000 of her annual gross income is maintenance.

One of the exhibits, which was prepared by or on behalf of Patricia, sets forth her monthly income and expenses. Her monthly income averages $4,411 and her monthly expenses average $3,501.

Case 11-21802-svk    Doc 140    Filed 11/22/11    Page 3 of 6

Patricia stated that she needs the $1,000 monthly maintenance to "live on," and that her daughter now manages her expenses and determines how much of Patricia's monthly income may be used to cover her expenses.

The testimony of Patricia and John, along with the exhibits, satisfy this court that, even if the $1,000 maintenance payments are eliminated, Patricia would still be able to pay her expenses as they become due. By removing the $1,000 monthly payments from her budget, she may have to eliminate or reduce some of her expenses, but that can be done. Most notably, she can eliminate the $75 monthly expense allotment for gifts. She can also reduce the $400 monthly miscellaneous expense. Even if Patricia needs some additional funds for her expenses, the $92,600 of liquid assets from her property share is available to cover any shortfall.

Patricia's $1,000 monthly maintenance payments are not "substantial support and maintenance" within the meaning of Wis. Stats. § 815.18(2)(d), upon a consideration of her total annual adjusted gross income. As an illustration, Patricia's 2010 annual adjusted gross income was $88,000, of which $12,000 was maintenance .This maintenance portion constituted only 13.6% of her total adjusted gross income.

This court concludes that Patricia is not a "dependent" of John as defined by Wis. Stats. § 815.18(2)(d).

# IS JOHN A MEMBER OF THE CLASS INTENDED TO BE PROTECTED BY WIS. STATS. § 815(3)(f)(2)?

Even if Patricia was a dependent of John, this court would still conclude that John, as the designated beneficiary of this policy, is not a member of the class intended to be protected by Wis. Stats. § 815.18(3)(f)(2). The purpose of this exemption statute, as spelled out in Wis. Stats. § 815.18(1) is "to advance the humane purpose of preserving to debtors and their dependents the means of obtaining a livelihood" so as to avoid them from becoming public charges.

John testified that, even if he didn't own this policy, he would not require any public assistance and that presently, he is paying his debts as they became due and does not need the policy for his livelihood.

The only person who will benefit from this policy is John. It cannot benefit Patricia because this policy becomes payable upon her death.

Matter of Heins, 83 B.R. 504 (Bankr. S.D. Ohio 1988), provides some guidance for this court even though the facts, as well as the Ohio exemption statute in Heins are different than the facts and Wisconsin exemption statute in the case at bar. In Heins, the debtor's step-father designated the debtor as a beneficiary under a group life insurance policy. The debtor in Heins was not a dependent of his step-father. The court stated that the purpose of Ohio's exemption statute was "to provide . . . the necessary 'fresh start' to regain self-respect and resume a productive role in the economy." The court, in Heins, declared that the focus of the inquiry was on whether

-5-

Case 11-21802-svk    Doc 140    Filed 11/22/11    Page 5 of 6

the debtor was in a class intended to be protected by the insurance exemption provisions. The court concluded by declaring: "[n]on-dependent beneficiaries may not claim an exemption in a matured life insurance policy or its proceeds under [the Ohio statute]. To allow the exemption would provide not so much a fresh start, but a head start." Id. at 506. That same rationale applies in the case at bar. The policy which John purchased is an investment for John, rather than a means of preserving to John and any dependents a livelihood in order to sustain life and the opportunity to avoid becoming public charges.

## CONCLUSION

For all of these reasons, the objections of the chapter 7 trustee and Mohns, Inc. to the debtors' claimed exemption in Reassure America Life Insurance Company policy #SAL0063698 is **SUSTAINED** and the debtors' claimed exemption in this policy is **DISALLOWED**.

The foregoing constitutes this court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052.

A separate order consistent with this court's decision shall be entered.

Dated at Milwaukee, Wisconsin, this 22nd day of November, 2011.

BY THE COURT:

*James E. Shapiro*
JAMES E. SHAPIRO
U.S. BANKRUPTCY JUDGE