:wilson1 decision.01/06/11.8

FILED

2012 JAN -9 AM 11: 56

US BANKRUPTCY COURT
EASTERN DISTRICT OF WI

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In Re:                                                    Chapter 7

JOHN M. WILSON and
CHRISTINE A. WILSON,                        Case No. 11-21802-jes

    Debtors.

## DECISION AND ORDER

The issue presented is whether the debtor-Christine A. Wilson, formerly known as Christine A. Peterson ("Christine"), is entitled to claim a homestead exemption in the debtors' home located at W273 N1640 Lakefield Drive, Pewaukee, Wisconsin ("Lakefield Drive home"). Christine has claimed an exemption under Wis. Stats. § 815.20 in the maximum amount of $75,000. Her husband, debtor, John M. Wilson ("John"), has also claimed a $75,000 exemption under § 815.20, which exemption is not being challenged. Mohns Inc. ("Mohns"), a major creditor in this bankruptcy case, has objected to Christine's claimed exemption based on an "Agreement to Keep Property Separate" ("Agreement") entered into between John and Christine before their marriage. Mohns contends that the Agreement survived the parties' subsequent marriage. If the court sustains Mohns' objection finding that the

Lakefield Drive home is the sole property of John, Christine may not claim it as exempt.[1]

John and Christine began living in the Lakefield Drive home before they were married, and they continue to live there.

The Agreement includes the following provision:

> 10. <u>Duration of Agreement</u>: This Agreement shall become effective at the date of execution and shall remain in effect until terminated. Termination shall be effected by written notice by either party, cessation of the joint residency by either party or death of either party. Either party may terminate this Agreement unilaterally at any time.

John and Christine assert that their Agreement applied only while they were living together unmarried and that it was never intended to apply if they later married. Mohns disagrees and states that the Agreement, in paragraph 10, does not include marriage by the parties to each other as a ground for termination.

John and Christine argue, in their reply brief, that one of the grounds for termination of this Agreement is "cessation of joint residency by either party" and that "joint residency" ceased when these parties married.

The court does not agree with John's and Christine's interpretation of the term "joint residency." Black's Law Dictionary (9th ed.) defines a "resident" as "a person who lives in a particular place." New Oxford American Dictionary (3rd ed. 2010)

---

[1] Mohns also asserts that its claim for its construction of the Lakefield Drive home constitutes a "purchase price" of this property within the meaning of § 815.18(12) of the Wisconsin statutes and is not subject to the homestead exemption. This court rejected that argument and determined that § 815.18(12) did not apply. That determination is on appeal.

defines a "resident" as "a person who lives somewhere permanently or on a long-term basis." "Residency" is not defined by the marital status of parties living together in a place for a continuous period. The court concludes that in this case "joint residency" within the meaning of paragraph 10 of the Agreement means physically living together regardless of the parties' marital status. Only if either or both of these parties no longer live together and moved out, then a "cessation of the joint tenancy" would have occurred, causing a termination of the Agreement.

The court further observes that John, in his testimony at a deposition held on October 28, 2010, declared that "the house is mine" (Tr. pp. 35, Line 20). He further stated:

> But my recollection is that – I don't know how this works in Wisconsin, but my recollection is it was – could only terminate by death, we moved out, didn't cohabit anymore or either one of us could terminate it with written notice at any time. But it didn't call specifically for this is going to terminate if you get married.

(Tr. p. 36, Lines 24-25 and p. 37, Lines 1-5).

For these reasons, this court concludes that the terms of the "Agreement to Keep Property Separate" remained enforceable after the parties married and the Lakefield Drive home remained John's sole property.

IT IS THEREFORE ORDERED that the objection by Mohns is SUSTAINED, and Christine's claim for exemption in the Lakefield Drive home is DENIED.

Dated at Milwaukee, Wisconsin, this 9 day of January, 2012.

BY THE COURT:

*James E. Shapiro*
JAMES E. SHAPIRO
U. S. BANKRUPTCY JUDGE